[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12093

_____

D.C. Docket No. 4:11-cr-10018-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO MAUNTECA LOPEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2013)

Before BARKETT and MARCUS, Circuit Judges, and CONWAY,* District Judge.

PER CURIAM:

Francisco Maunteca-Lopez appeals his conviction of attempted illegal re-

entry in violation of 8 U.S.C. § 1326. Mr. Maunteca-Lopez was arrested after

United States Coast Guard officers interdicted the Gattina Maria, a go-fast vessel,

_____

*Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle
District of Florida, sitting by designation.

in international waters and found him aboard. Evidence introduced at his jury trial, the admissibility of some of which is challenged on appeal, showed that the Gattina Maria left port from Homestead, Florida, travelled through international waters and the territorial waters of the Bahamas and Cuba, and was returning to Key West, Florida when it was stopped by the Coast Guard. There was no evidence that Mr. Maunteca-Lopez ever even left the boat before being stopped by the Coast Guard. Mr. Maunteca-Lopez raises three issues on appeal. First, he argues that the district court erred by failing to give his proposed jury instructions that he could not have departed the United States within the meaning of § 1326 unless he actually stepped foot on the territorial soil of another country. Second, he alleges that the district court erred in not excluding evidence or continuing his trial as a result of discovery violations by the government. Finally, he argues that the district court committed reversible error in allowing the admission of irrelevant and prejudicial evidence.

Initially, the jury instructions were not erroneous as a plain reading of §1326 shows that an individual has departed the United States when he has entered the territorial waters of another country.

We review the district court's evidentiary decisions and its discretionary decisions related to standing discovery orders under an abuse of discretion standard. United States v. Henderson, 409 F.3d 1293, 1297 (11th Cir. 2005)

2

(evidentiary decisions); <u>United States v. Turner</u>, 871 F.2d 1574, 1580 (11th Cir. 1989) (discovery orders).   Given this deferential standard of review, we find no error in the district court's evidentiary rulings and its ruling to not exclude the evidence produced in the Fifth and Sixth discovery disclosure or continue the trial.

Because we find no error in the proceedings before the district court, we affirm Mr. Maunteca-Lopez's conviction.

**AFFIRMED**